UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

ALPHONSO SYVILLE,

Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

Defendants.

---

20-CV-0571 (LTS)

ORDER OF SERVICE

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act

(ADA), the Rehabilitation Act, and the Health Insurance Portability and Accountability Act

(HIPAA), claiming that Defendants at the Fort Washington Men's Shelter (the "Men's Shelter")

denied him access to his medication and refused his request for bedrest. By order dated February

6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro*

*se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

This action arises out of an incident at the Men's Shelter, operated by Project Renewal, where Plaintiff requested access to bedrest and medication after his release from Bellevue, and Defendant denied those requests. He also alleges that Defendants retaliated against him for his speech. He names as defendants (1) the City of New York, (2) Project Renewal, a private organization that runs the Men's Shelter, (3) the Men's Shelter's director, and (4) supervisor of operations at the Men's Shelter (a woman named Jody). He seeks money damages.

On January 24, 2020, the Court received a letter from Plaintiff that includes two attachments, namely, his discharge papers from Bellevue Hospital showing that his doctor ordered bedrest, and a police report regarding an incident at the Men's Shelter between him and Jody. (ECF No. 4 at 6.) Because these attachments support Plaintiff's claims, the Court orders that this document and the complaint be treated as the operative pleading.

Plaintiff claims that Defendants violated the ADA, the Rehabilitation Act, and HIPAA. Based on the facts alleged in the complaint, the Court also construes the complaint as asserting a reasonable accommodation claim against Project Renewal, under Title III of the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). And the Court

2

construes the complaint as asserting a First Amendment retaliation claim against the City of New York.

## DISCUSSION

### A. Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the City of New York and Project Renewal through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the

3

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.   *Valentin* **order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit Project Renewal to identify the Director of the Men's Shelter, and the Supervisor of the Men's Shelter, whose first name is Jody. It is therefore ordered that counsel for Project Renewal must ascertain the identity of these defendants and the addresses where these defendants may be served, providing this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming these defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for these defendants and deliver all documents necessary to effect service to the U.S.

Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

An "Amended Complaint" form is attached to this order.

4

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Project Renewal and the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to Project Renewal at: 200 Varick Street, New York, NY 10014.

The Court orders that document numbers 2 and 4 be treated as the operative pleading.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 19, 2020
         New York, New York

_____
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

**Alphonso Syville**
106 Hornbean Ave.
Swedesboro, NJ 08085

## DEFENDANTS AND SERVICE ADDRESSES

1.  City of New York
    100 Church Street
    New York, NY 10007

2.  Project Renewal
    200 Varick Street
    New York, NY 10014