USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alphonso Syville,

                        Plaintiff,

        -against-

City of New York et al.,

                       Defendants.

1:20-cv-00571 (LTS) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE:**

For the reasons set forth below, I respectfully recommend that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

**PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, filed this action on January 21, 2020 asserting claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Health Insurance Portability and Accountability Act, and claiming that Defendants at the Fort Washington Men's Shelter denied him access to his medication and refused his request for bedrest.[1] (Compl., ECF No. 2.) The same day, Plaintiff consented to receive electronic service. (Pro Se Consent, ECF No. 3.) On February 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. (Order, ECF No. 5.) On February 20, 2020, the Court entered an Order of Service. (Order of Service, ECF No. 7.) As part of that Order, the Court directed defendant

---

[1] The same day, Plaintiff filed another case on behalf of himself and other residents of the Fort Washington Shelter regarding the conditions at the shelter. *See Syville et al. v. City of New York et al.*, No. 20-cv-00570. On May 15, 2020, the Court severed the claims of the other plaintiffs and consolidated that case with the instant action. (Order, ECF No. 14)

Project Renewal to identify the Men's Shelter's director and supervisor of operations named in the Complaint and directed Plaintiff to file an Amended Complaint within thirty days of receipt of such information. (*See id*.) On April 20, 2020, Project Renewal filed a letter identifying the director and supervisor named in the Complaint. (Letter, ECF No. 11.) On April 22, 2020, due to the COVID-19 pandemic, the Court *sua sponte* extended Plaintiff's time to file an Amended Complaint until June 15, 2020. (Order, ECF No. 12.)

On June 15, 2020, Plaintiff filed a Letter titled Amended Complaint naming the two individual defendants identified by Project Renewal. (Letter, ECF No. 15.) On June 18, 2020, the Court deemed the operative pleading to be Plaintiff's January 21, 2020 Complaints (20-cv-00570 ECF No. 2 & ECF No.2), Plaintiff's January 24, 2020 Letter (ECF No. 4) and Plaintiff's January 15, 2020 amendment (ECF No. 15), together, and Ordered service on the new defendants. (Order of Service, ECF No. 17.) On August 11, 2020, Plaintiff filed a notice of voluntary dismissal with respect to defendants Bill de Blasio, New York City Housing Authority, New York State Office of Alcoholism Substance Abuse Services and Sera Security. (Notice of Voluntary Dismissal, ECF No. 22.)

On October 30, 2020, the Court Ordered the remaining defendants to respond to the Amended Complaint no later than November 30, 2020 and scheduled an Initial Pretrial Conference, to be held via telephone, for January 5, 2021. (Order, ECF No. 37.) On November 30, 2021, counsel for the City of New York filed a letter, in accordance with Chief Judge Swain's Individual Practices, explaining that the City communicated with Plaintiff regarding its intention to file a motion to dismiss and that, in response, Plaintiff indicated that he would like to file an amended complaint and asked that he be given until February 1, 2021 to do so. (Letter, ECF No.

2

40.) The Court granted this request on December 1, 2020 and adjourned the Initial Pretrial Conference *sine die*. (Order, ECF No. 41.)

Plaintiff did not file an amended pleading by the February 1, 2021 deadline. Accordingly, on February 17, 2021, the Court entered an Order extending the deadline for Plaintiff to do so until March 19, 2021, but warning Plaintiff that failure to file an amended pleading by that date would result in a recommendation to the District Judge that his case be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). (Order, ECF No. 44.) On March 6, 2021, Plaintiff filed a letter requesting a sixty-day extension of time to file an amended pleading and explaining that he was staying in a shelter where he could not receive mail and was without access to a computer. (Letter, ECF No. 45.) The Court granted Plaintiff's request and extended the deadline until May 18, 2021. (Order, ECF No. 46.)

On April 29, 2021, Plaintiff sought another extension of the deadline to file an amended pleading, this time for 90 days, stating that he remained in the shelter system without access to a computer, and requested copies of case documents. (Letters, ECF Nos. 47, 48.) The Court granted Plaintiff another extension until August 16, 2021, but warned Plaintiff that no further extensions would be granted absent exigent circumstances. (Memo Endorsement, ECF No. 49.) The Court also mailed to Plaintiff a copy of the docket sheet, along with a copy of an Order reminding Plaintiff that he had consented to receive electronic service and that he should promptly advise the Court if he was not receiving electronic case notifications. (Memo Endorsement, ECF No. 50.) The docket sheet was returned as undeliverable. (*See* 6/28/2021 Docket Entry.)

On September 7, 2021, having received no further filings from Plaintiff, the Court schedule a telephone conference for September 21, 2021. (Order, ECF No. 58.) The Court warned Plaintiff that his amended pleading was past due and that failure to file the amended pleading and/or appear for the scheduled conference may result in the imposition of sanctions up to and including a recommendation to the District Judge that his case be dismissed. Although that Order inadvertently was not separately emailed to Plaintiff by Chambers as indicated, Plaintiff did receive electronic notice to his email address through the ECF system. Nonetheless, Plaintiff failed to appear for the conference. At the time of the conference, the Court attempted to reach Plaintiff at the telephone number listed on the docket and left a voice message with the dial-in information for the conference, but did not receive a response.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 41(b) states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). However, the United States Supreme Court has determined that the language of Rule 41 does not restrict the Court's power to act on its own and dismiss an action absent a motion. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Harding v. Goode*, 135 F. App'x 488, 488 (2d Cir. 2005) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute *sua sponte*.") (citation omitted); *White v. Westchester Cty.*, No. 19-CV-03604 (KMK), 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) ("it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.") (citation omitted). Unless the dismissal order states otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits." *Link*, 370 U.S. at 630.

While "[d]istrict courts have discretion to effect dismissal pursuant to Rule 41(b)[,]" *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12-CV-01005 (ER), 2014 WL 793082, at *2 (S.D.N.Y. Feb. 21, 2014) (citing cases), "[t]he Second Circuit has cautioned . . . that [such discretion] should be exercised sparingly and only when the district judge is 'sure of the impotence of lesser sanctions.'" *Id.* (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980)); *see also Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). In considering whether to dismiss a case under Rule 41, courts consider five factors: (1) the duration of plaintiff's failure to comply with court orders; (2) notice to plaintiff that failure to comply would result in dismissal; (3) possible prejudice to defendants from further delay; (4) the balance between the interest of managing the court's docket and the plaintiff's right to be heard; and (5) consideration of lesser sanctions. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999). None of these factors is independently dispositive, and the Court reviews the dismissal in light of the record as a whole. *Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

## DISCUSSION

Viewing the record as a whole, the Court finds that dismissal without prejudice is appropriate. While the Court is sympathetic to Plaintiff's difficult circumstances, the Court has given Plaintiff multiple extensions of time to file an amended pleading and he has not done so. The Court notes that, while access to a computer may be desirable, it is not necessary to file a pleading and, given that Plaintiff himself requested the two latest extensions, he should have been aware of when his amended pleading would be due even without access to a computer. As of the date of this report and recommendation, Plaintiff has not responded to any Court Order, or otherwise communicated with the Court in any way since April 29, 2021. The Second Circuit

has held that failure to prosecute for a "matter of months" may be sufficient to warrant dismissal, *see Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012), and courts in this district have found that dismissal is justified under similar circumstances. *See*, *e.g.*, *Whitley v. NYS DOCCS*, No. 17-CV-03652 (PMH), 2021 WL 3271736, at *2 (S.D.N.Y. July 30, 2021) (dismissing *pro se* complaint when plaintiff failed to respond to court orders for over five months); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months). Thus, the first factor weighs in favor of dismissal.

Regarding the second factor, Plaintiff has been warned multiple times that failure to prosecute his case could result in sanctions, up to and including dismissal. Most recently, in the September 7, 2021 Order, the Court warned Plaintiff that failure to file an amended pleading and/or appear for the September 21, 2021 conference may result in a recommendation of dismissal. Therefore, this factor also weighs in favor of dismissal. Regarding the third factor, the Court finds that, although prejudice to Defendants may be presumed by the lengthy delays, such prejudice is minor. *See, e.g., Coleman v. City of New York et al.*, No. 18-CV-11819 (RA), 2021 WL 4124222, at *2 (S.D.N.Y. Sept. 8, 2021) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself.")).

The fourth factor favors dismissal because Plaintiff has had multiple opportunities to be heard by the Court, but has not sought to pursue this action. Plaintiff has not attempted to communicate with the Court since April 29, 2021. Plaintiff's "inability to meet the Court's deadlines—or even respond to the Court's orders—has made it impossible for the Court to

6

manage this litigation." *Poniatowski v. Johnson*, No. 15-CV-01330 (PKC) (SN), 2016 WL 3456450, at *2 (S.D.N.Y. May 9, 2016), *report and recommendation adopted*, 2016 WL 3480959 (S.D.N.Y. June 21, 2016) (recognizing plaintiff's health problems but dismissing action for failure to prosecute when plaintiff "failed to advance her claims in any meaningful way" for over a year after complaint was filed); *see also Cayetano v. City of New York*, No. 13-CV-01861 (LAK) (JLC), 2013 WL 6097567, at *2 (S.D.N.Y. Nov. 20, 2013), *report and recommendation adopted*, 2015 WL 5514324 (S.D.N.Y. Sept. 17, 2015) (citing *Hibbert v. Apfel*, No. 99-CV-04246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.")). However, "because Plaintiff's delay has not impacted the trial calendar," the Court finds that this factor supports dismissal without prejudice, as opposed to adjudication on the merits. *Virola*, 2014 WL 793082, at *3 (citing *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

Finally, the Court finds that the fifth factor weighs in favor of dismissal, rather than lesser sanctions, because the case cannot proceed without Plaintiff's participation. However, due to Plaintiff's *pro se* status, the Court recommends that Plaintiff's claims be dismissed without prejudice. *See Virola*, 2014 WL 793082, at *3 (citing *Lyell Theatre Corp.*, 682 F.2d at 43 (when imposed, the sanction of dismissal under Rule 41(b) "operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it" (citation and quotation marks omitted)); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (Rule 41(b) dismissal with prejudice to be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters")). The Court also notes that Plaintiff will have another

7

opportunity to show cause why his case should not be dismissed by objecting to this Report and Recommendation.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this action be DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

Dated: New York, New York
September 22, 2021

_____
STEWART D. AARON
United States Magistrate Judge

\*      \*      \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Chief Judge Swain.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).